IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO STEWART,<br><br>        Plaintiff,<br><br>  vs.<br><br>J. CARZON,<br><br>        Defendant. | No. C 14-2625 LHK (PR)<br><br>ORDER RE-OPENING CASE;<br>DISMISSING CASE WITH LEAVE<br>TO AMEND |

      Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On July 17, 2014, the court dismissed this action for failure to file a timely application for leave to proceed in forma pauperis. That same day, the court received plaintiff's completed application for leave to proceed in forma pauperis. For good cause, the court RE-OPENS this action. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.    <u>Standard of Review</u>

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that he is mobility impaired and must be housed in a place with level terrain. Plaintiff states that while he was housed in San Quentin State Prison, he was being escorted while he was double handcuffed and using a wheeled walker. Along the floor was a plate which was one half inch off the ground. Plaintiff's wheel got caught on a piece of metal that was missing, and plaintiff fell onto the ground and injured himself. Plaintiff requests damages and names Warden J. Carzon of San Quentin State Prison.

The complaint has several deficiencies that require an amended complaint to be filed. First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant). Here, plaintiff names Warden Carzon, but plaintiff does not link the defendant to any action or inaction that would demonstrate that defendant is liable for any wrongdoing.

1 Second, the Eighth Amendment's prohibition of "cruel and unusual punishments"
2 imposes a duty on prison officials to, among other things, "'take reasonable measures to
3 guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting
4 *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  A prison official violates the Eighth
5 Amendment only when two requirements are met: (1) the deprivation is, objectively, sufficiently
6 serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  *See*
7 *Farmer*, 511 U.S. at 834.  The test for deliberate indifference is the same as criminal
8 recklessness, i.e., the official must actually know of and disregard an excessive risk to inmate
9 safety.  *See id.* at 837.  The official "must both be aware of facts from which the inference could
10 be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*
11 Neither negligence nor gross negligence constitutes deliberate indifference.  *See id.* at 835-36 &
12 n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

13 Even with liberal construction, the complaint does not state a claim for an Eighth
14 Amendment violation.  Claims regarding a bump or hole in the floor, without more, "do not state
15 even an arguable claim for cruel and unusual punishment."  *See Jackson v. Arizona*, 885 F.2d
16 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203
17 F.3d 1122, 1130-31 (9th Cir. 2000).  Instead, to state a cognizable claim for relief, there must be
18 a confluence of exacerbating conditions such that the floor posed a serious, unavoidable threat to
19 plaintiff's safety.  *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors
20 without protective measures could create a sufficient danger to warrant relief" when an inmate
21 alleges facts that exacerbate the danger resulting from such conditions); *Osolinski v. Kane*, 92
22 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth
23 Amendment but allegations of conditions which "exacerbate[] the inherent dangerousness of
24 already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are
25 sufficient to state a cognizable claim for relief (internal quotations, brackets and citation
26 omitted)).  Here, there is no allegation that any prison official knew about the damaged floor
27 prior to plaintiff's injury.  Moreover, as stated, at most plaintiff states a claim for negligence or
28 gross negligence, neither of which are cognizable under § 1983.

Order Re-Opening Case; Dismissing with Leave to Amend
P:\PRO-SE\LHK\CR.14\Stewart625dwla.wpd          3

1    Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will
2 be provided with thirty days in which to amend to correct the deficiencies in his complaint if he
3 can do so in good faith.

**CONCLUSION**

5    For the foregoing reasons, the court hereby orders as follows:

6    1.    Plaintiff's complaint is DISMISSED with leave to amend.

7    2.    If plaintiff can cure the pleading deficiencies described above, he shall file an
8 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
9 complaint must include the caption and civil case number used in this order (C 14-2625 LHK
10 (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate
11 material from the prior complaint by reference.  **Failure to file an amended complaint within**
12 **thirty days and in accordance with this order will result in a finding that further leave to**
13 **amend would be futile and this action will be dismissed.**

14    3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
15 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
16 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
17 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
18 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

19    4.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
20 court informed of any change of address by filing a separate paper with the clerk headed "Notice
21 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure
22 to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
23 of Civil Procedure 41(b).

24    IT IS SO ORDERED.

25 DATED:  3218 14236

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Re-Opening Case; Dismissing with Leave to Amend
P:\PRO-SE\LHK\CR.14\Stewart625dwla.wpd          4