IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO STEWART,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CARZON,<br><br>        Defendant. | No. C 14-2625 LHK (PR)<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION; RE-OPENING CASE; ORDER OF DISMISSAL |

On June 6, 2014, plaintiff, a California state prisoner proceeding *pro se*, filed a federal civil rights complaint, pursuant to 42 U.S.C. § 1983. On October 6, 2014, the court granted plaintiff leave to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. The court directed plaintiff to file an amended complaint within thirty days. On October 29, 2014, the court's orders to plaintiff were returned as undeliverable because plaintiff could not be located. On January 5, 2015, after having received no communication from plaintiff after the mail was returned as undeliverable, the court dismissed the case without prejudice pursuant to Northern District Local Rule 3-11. *See* Civil L.R. 3-11(b).[1]

---

[1] Under Northern District Local Rule 3-11(b), the court may, without prejudice, dismiss a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.

Order Granting Motion for Reconsideration; Re-Opening Case; Order of Dismissal
P:\PRO-SE\LHK\CR.14\Stewart625recdis.wpd

## MOTION FOR RECONSIDERATION

On January 20, 2015, plaintiff filed a letter requesting that the court not dismiss his case. Plaintiff stated that on October 8, 2014, he was transferred out of High Desert State Prison and placed at Solano State Prison, Solano County Jail, and DVI State Prison. According to plaintiff, he received forwarded mail from High Desert State Prison, but never received the court's October 6, 2014 orders. On April 8, 2015, plaintiff filed a notice of change of address. On May 18, 2015, plaintiff filed an amended complaint and renewed motion for leave to proceed in forma pauperis.

The court construes plaintiff's January 20, 2015 letter as a motion for reconsideration. So construed, the motion is granted. A motion for reconsideration under Rule 60(b) is proper where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Under subparagraph (1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

Here, because no defendant has yet been served, the danger of prejudice to the opposing party is unknown, but unlikely. The length of the delay from when the court dismissed the case under Northern District Local Rule 3-11 was approximately two weeks, and had little potential impact on the proceedings because the case was still at the initial screening level. Plaintiff's reason for the delay was that he mistakenly assumed that because he had received forwarded mail from High Desert State Prison, he would also receive any court mailing sent to High Desert State Prison. Finally, the court finds no evidence that plaintiff's motion is not in good faith.

1  Thus, the court GRANTS plaintiff's motion for reconsideration under Rule 60(b)(1), and RE-
2  OPENS this case.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Background

In the court's October 6, 2014 order dismissing the complaint with leave to amend, the court summarized plaintiff's allegations as follows: "Plaintiff alleges that he is mobility impaired and must be housed in a place with level terrain. Plaintiff states that while he was housed in San Quentin State Prison, he was being escorted while he was double handcuffed and using a wheeled walker. Along the floor was a plate which was one half inch off the ground. Plaintiff's wheel got caught on a piece of metal that was missing, and plaintiff fell onto the ground and injured himself. Plaintiff requests damages and names Warden J. Carzon of San Quentin State Prison." (Dkt. No. 9.)

The court directed plaintiff to file an amended complaint to correct two deficiencies. First, plaintiff's complaint failed to link defendant Warden J. Carzon to any action or inaction that would demonstrate that Warden J. Carzon was liable for any wrongdoing. Second, although plaintiff alleged that Warden J. Carzon violated plaintiff's Eighth Amendment right to safety,

plaintiff's claim did not state an Eighth Amendment violation.  At most, plaintiff stated a claim of negligence.  The court informed plaintiff that in order to state a cognizable Eighth Amendment claim for relief, there must be a combination of exacerbating conditions such that the floor posed a serious, unavoidable threat to plaintiff's safety.  The court also advised plaintiff that there was no allegation that any prison official knew about the damaged floor prior to plaintiff's injury.  The court stated that if plaintiff did not file an amended complaint that corrected the deficiencies, the court would dismiss the case and find that further leave to amend would be futile.

C.      Plaintiff's claims

In the amended complaint, plaintiff names Warden J. Carzon and ten Doe defendants.  Plaintiff states that on September 11, 2013, he was escorted from his housing unit to the medical clinic for an appointment.  Two correctional officers placed plaintiff in waist chain handcuffs during the escort.  After plaintiff was examined by the doctor, one correctional officer returned to escort plaintiff back to the housing unit.  That officer informed plaintiff that he did not have waist chain handcuffs, but he would instead use two handcuffs together.  When the correctional officer and plaintiff arrived at the housing unit, the officer directed plaintiff to stand up.  Plaintiff was using a walker for balance, and told the correctional officer that "because of plaintiff's ADA[,] he was to be escorted down the middle walk-way level terrain."  The correctional officer directed plaintiff to walk "in [a] hazardous walk-way area near the shower while hand-cuffed" and without enough slack in the handcuffs to hold onto the walker and maintain his balance.  While walking to plaintiff's cell, plaintiff's walker wheel got caught on a fixed metal plate in the floor that was slightly raised off the floor.  Plaintiff slipped on water from the shower and hit his head on the nearby railing.

A review of plaintiff's amended complaint demonstrates that plaintiff has not corrected the deficiencies as directed in the court's October 6, 2014 order.  Specifically, plaintiff again fails to link Warden J. Carzon to any action or inaction alleged in his amended complaint.  Plaintiff has not alleged that Warden J. Carzon both actually and proximately caused the deprivation of plaintiff's federally protected right.  *Lemire v. Cal. Dept. of Corrections &*

*Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

In addition, plaintiff's amended complaint still does not state an Eighth Amendment violation. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not allege that any prison official knew about the damaged floor prior to plaintiff's injury, or that plaintiff told the correctional officer he was having difficulty holding onto the walker for balance. Simply put, plaintiff does not allege facts to infer that Warden J. Carzon or Doe defendants knew of and disregarded an excessive risk to plaintiff's health or safety by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. Finally, there is no allegation that the damaged floor posed an unavoidable threat to plaintiff's safety. *See, e.g.*, *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth Amendment, but allegations of conditions which "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for relief) (internal quotations, brackets and citation omitted).

Accordingly, plaintiff's amended complaint fails to state a cognizable claim for relief.

## CONCLUSION

The court DISMISSES plaintiff's amended complaint for failure to state a cognizable claim for relief. The dismissal is without leave to amend. The court previously explained to plaintiff why the original complaint was deficient, and plaintiff has failed to correct those deficiencies. Also, the court warned plaintiff that the failure to file an amended complaint in accordance with the October 6, 2014 order would result in the court's finding that further leave to amend would be futile.

The clerk shall terminate all pending motions and close the file.

1     IT IS SO ORDERED.

2  Dated: 9/18/2015                         *Lucy H. Koh*
3                                           LUCY H. KOH
                                            United States District Judge
4
5
...
28